IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY MACK COTTON,

    Petitioner,                    No. CIV S-10-3380 KJM CKD P

    vs.

GREG LEWIS,                           ORDER &

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed on December 20, 2010. Pending before this court is respondent's March 8, 2011 motion to dismiss the petition on the ground that its sole claim for ineffective assistance of counsel is unexhausted. After carefully reviewing the record and the applicable law, the undersigned concludes that the motion should be granted.

## BACKGROUND

        In 2008, following a jury trial in the Sacramento County Superior Court, petitioner was convicted of murder committed in the attempted commission of a robbery (Cal. Penal Code §§ 187(a), 190.2(a)(17)) and attempted robbery (Cal. Penal Code §§ 664/211). On May 30, 2008, the trial court sentenced him to life in prison without possibility of parole with a

1

consecutive sentence of 25 years to life. (Dkt. No. 1 (hereinafter "Ptn.") at 1); Lod. Doc. 1 at 1-2.)

On February 5, 2009, petitioner filed an opening brief in the California Court of Appeal, Third Appellate District, raising the following claims: (1) the abstract of judgment should be amended to properly reflect the actual sentence imposed; (2) the trial court improperly imposed and suspended a parole revocation fine; and (3) the trial court improperly denied any presentence credits for actual days in custody. (Lod. Doc. 1.) Respondent has not lodged the court of appeal's disposition of these claims.

On August 27, 2009, petitioner filed a petition for review in the California Supreme Court in which he again challenged the trial court's imposition of a parole revocation fine. (Lod. Doc. 2.) The California Supreme Court summarily denied the petition on September 30, 2009. (Lod. Doc. 3.)

Petitioner filed the instant petition on December 20, 2010. Respondent filed the instant motion to dismiss on March 8, 2011. Petitioner filed an opposition to the motion on July 13, 2011. Also pending are two motions by petitioner seeking appointment of counsel. (Dkt. Nos. 18, 21.)

## ANALYSIS

I. <u>Exhaustion - Legal Standard</u>

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971);

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

2  It is not enough that all the facts necessary to support the federal claim were
3  before the state courts, Picard, at 277, or that a somewhat similar state-law claim was made.  See
4  Duncan v. Henry, 513 U.S. 364, 366 (1995).  The habeas petitioner must have "fairly presented"
5  to the state courts the "substance" of his federal habeas corpus claim.  Picard, supra, 404 U.S. at
6  275, 277-278.  See also, Rose v. Lundy, 455 U.S. 509 (1982).

7  Petitioner has the burden of proving exhaustion of state court remedies and in
8  California a petitioner must present his claims to the California Supreme Court.  Cartwright v.
9  Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.
10  1986).

11  II. Discussion

12  The instant petition asserts one claim: ineffective assistance of counsel for failing
13  to move to suppress an involuntary confession.  (Ptn. at 6.)  Petitioner acknowledges that he did
14  not exhaust state remedies as to this claim, as his appellate counsel failed to argue it on direct
15  appeal.  (Id.)  The court will therefore recommend that the instant petition be dismissed for
16  failure to exhaust state remedies.

17  In his opposition, plaintiff makes a renewed request for appointment of counsel so
18  that he may "properly articulate his claims in state court, given the complexity of the procedural
19  issues involved in properly filing a state writ of habeas corpus[.]" (Dkt. No. 21 at 2.)  In Martinez
20  v. Schriro, 623 F.3d 731, 736 (9th Cir. 2010), the Ninth Circuit Court of Appeals stated:

> The Supreme Court has never recognized a federal constitutional right to the assistance of counsel in collateral review proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions") [citations].  In several cases, we have concluded that there is no federal constitutional right to counsel in collateral proceedings, even where those post-conviction proceedings constitute the first opportunity for a criminal defendant to present an ineffective assistance of counsel claim. See Ellis v. Armenakis, 222 F.3d 627, 633 (9th Cir. 2000) (holding there is "no constitutional right to

<pre>              counsel during state habeas proceedings even if that was the first
              forum in which a defendant could challenge the constitutional
              competence of counsel"); [citations].</pre>

In <u>Martinez</u>, the Ninth Circuit affirmed that "there is no federal constitutional right to the assistance of counsel in connection with state collateral relief proceedings, even where those proceedings constitute the first tier of review for an ineffective assistance of counsel claim." <u>Id</u>. at 739-740.

      Here, petitioner faces the prospect of presenting one seemingly straightforward claim of ineffective assistance of counsel for state habeas review.  He has had no apparent difficulty articulating this claim or complying with procedural rules in the instant action.  Thus, the court will deny petitioner's motions for appointment of counsel.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Petitioner's June 3, 2011 motion for appointment of counsel (Dkt. No. 18) is denied.

      2. Petitioner's July 13, 2011 motion for appointment of counsel (Dkt. No. 21) is denied.

      IT IS HEREBY RECOMMENDED that:

      1. Respondent's March 8, 2011 motion to dismiss (Dkt. No. 14) be granted;

      2. The petition (Dkt. No. 1) be dismissed for failure to exhaust state remedies, and this case be closed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 Dated: August 30, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
cott3380.mtd